IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAUN AITES,

      Plaintiff,

  v.                                                                           Civil Action 2:18-cv-431
                                                                         Magistrate Judge Jolson

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

This matter, in which the parties consented to the jurisdiction of the Undersigned pursuant to 28 U.S.C. § 636(c) (*see* Docs. 3, 6), is before the Court on counsel for Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1). (Doc. 22). For the reasons that follow, the Motion is **GRANTED**. Plaintiff's counsel shall be awarded attorney's fees in the amount of $5,670. Because counsel previously received attorney's fees under the Equal Access to Justice Act ("EAJA"), any amount received under the EAJA shall be returned to Plaintiff to prevent double recovery of fees. *See Jankovich v. Brown*, 886 F.2d 867 (6th Cir. 1989).

### I.    BACKGROUND

Plaintiff filed his Complaint seeking judicial review from this Court on May 3, 2018. (Doc. 1). On February 27, 2019, the Court remanded this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 18). Following remand, Plaintiff was awarded $14,856.25 in past-due benefits. (Doc. 1-1). Plaintiff's counsel now moves for an award of attorney's fees in the amount of $5,670 under 42 U.S.C. § 406(b). (Doc. 22). That Motion is now ripe for consideration. (*See* Docs. 22, 23).

**II.     LAW AND ANALYSIS**

In Supplemental Security Income ("SSI") or Disability Insurance Benefit ("DIB") cases, the Court is authorized to award attorney's fees following a successful Social Security disability appeal. *See* 42 U.S.C. §§ 402(b)(1), 1383(d)(2). Importantly, such contingency fees (1) may not exceed 25 percent of the past-due benefits, which the claimant receives as a result of an appeal, and (2) must additionally be reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 802 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for the court's review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25 percent contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). While counsel is not required to seek less than the 25 percent contingency fee, a discounted fee is relevant to the reasonableness determination. *Willis v. Comm'r of Soc. Sec.*, No. 1:10-CV-594, 2014 WL 2589259, at *5 (S.D. Ohio June 10, 2014) (collecting cases).

On March 29, 2020, the Court awarded Plaintiff's counsel attorney's fees in the amount of $3,000 under the EAJA. Then, on June 30, 2020, the Social Security Administration withheld

2

25 percent of Plaintiff's past due benefits in the amount of $14,856.25 for use toward attorney's fees. (Doc. 1-1). Now, Plaintiff's counsel requests fees pursuant to 42 U.S.C. § 406(b)(1) and her contingency fee agreement with Plaintiff in the amount of $5,670, or 16.2 hours compensated at $350 per hour. (*See generally* Doc. 22). For support, she has provided time sheets documenting the time spent on Plaintiff's case (*see* Doc. 22-3) and evidence pertaining to the basis of her hourly rate, as well as her skill level and experience, (*see* Docs. 22-4, 22-5). Numerous district courts in this Circuit have found an hourly fee of $350 to be reasonable and not excessive. *Mays v. Comm'r of Soc. Sec.*, No. 1:14 CV 800, 2016 WL 4564961, at *1 (N.D. Ohio Sept. 1, 2016) (collecting cases).

Further, the Court notes that Plaintiff requests fees significantly lower than the $14,856.25 representing 25 percent of the back benefits. *See Willis*, 2014 WL 2589259, at * 5 (noting that, while counsel is not required to seek less than the 25 percent contingency fee, a discounted fee is relevant to a reasonableness determination). Moreover, Defendant does not object to fees in this case. Nor does it request a lower amount be awarded or argue that the amount requested is unreasonable. Finally, Plaintiff's counsel represents that, because counsel previously received attorney's fees under EAJA, any amount received under the EAJA will be returned to the claimant to prevent double recovery of fees. (Doc. 22 at 3). Upon review of Plaintiff's Motion, accompanying evidence, including for example, the materials submitted regarding the skill and experience of counsel (*see, e.g.*, Docs. 22-4, 22-5), and relevant legal authority, the Court finds that the amount requested is reasonable and does not result in a windfall.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 22) is **GRANTED**, and Plaintiff's

counsel is awarded a fee of $5,670.  Because counsel previously received attorney fees under the Equal Access to Justice Act ("EAJA"), any amount received under the EAJA shall be returned to Plaintiff to prevent double recovery of fees.

    IT IS SO ORDERED.


Date: August 3, 2020                                              /s/ Kimberly A. Jolson
                                                                   KIMBERLY A. JOLSON
                                                                   UNITED STATES MAGISTRATE JUDGE